IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JULIAN ARAGON CERVANTES, et al., ) | CASE NO. 4:21 CV 246 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| WARDEN MICHAEL PHILLIPS, et. al., ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

On January 29, 2021, a Complaint was filed in this action against Warden Michael Phillips, the U.S. Marshals, and "Core Civic and the Individual Contractors," alleging Respondents' response to the COVID-19 crisis at the Northeast Ohio Correctional Center ("NEOCC") constituted deliberate indifference under the Eighth Amendment. *See* Docket # 1.

This Court found the Complaint deficient and, on March 12, 2021, ordered the purported plaintiffs to amend their pleading. *See* Docket # 5 ("Deficiency Order"). The Court stated that while the body of the Complaint suggested there are four plaintiffs in this action (Julian Aragon Cervantes, Silvestre Martinez, Nathan Parker, and Michael Brandon Gonzalez), only three plaintiffs are listed in the case caption and also filed applications to proceed *in forma pauperis*

(Cervantes, Martinez, and Parker).[1] *Id.* The Court ordered the parties to identify the proper plaintiffs in the case caption, sign the pleading, and file proper applications to proceed *in forma pauperis*, if they wish to proceed *in forma pauperis*. The Deficiency Order provided the parties thirty (30) days in which to file their amended pleading and expressly cautioned the parties that the case may be dismissed if they fail to comply with the Deficiency Order. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The latitude afforded *pro se* litigants, however, does not extend to compliance with readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a *pro se* plaintiff fails to comply with readily comprehended court deadlines); *see also Needham v. Butler Cty. Jail*, No. 1:19-CV-294, 2019 U.S. Dist. LEXIS 195858, 2019 WL 5899326, at *4 (S.D. Ohio Nov. 12, 2019) (warning plaintiff that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with court orders and rules of civil procedure), report and recommendation adopted, No. 1:19CV294, 2019 U.S. Dist. LEXIS 210444, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019).

Therefore, where a *pro se* plaintiff fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (finding dismissal of a § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003)

---

[1] On April 7, 2021, Michael Gonzalez filed an application to proceed *in forma pauperis* (Docket # 6).

(affirming the dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply). *Gravitt v. Tyszkiewicz*, 14 F.App'x 348, 349 (6th Cir.2001) (affirming the district court's dismissal of a habeas corpus petition without prejudice for want of prosecution because the petitioner failed to comply with the deficiency order).

Here, the Court notified the parties of the deficiency, provided specific instructions to cure the deficiency, granted the parties 30 days to correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. A copy of the Deficiency Order was mailed to the individuals identified in the case caption (Cervantes, Martinez, and Parker) at their addresses of record, and there is no indication on the docket that the mailing was returned as undeliverable. The parties, however, did not comply with the Deficiency Order, seek an extension of time to do so, or provide the Court with any explanation as to why they could not comply. Additionally, this Court notes that while Cervantes, Martinez, Parker, and ultimately Gonzalez filed applications to proceed *in forma pauperis* (Docket ## 2-4, 6), the applications lack a *certified* prisoner account statement and are therefore deficient. *See* 28 U.S.C. § 1915; *Savoca v. United States DOJ*, N.D.Ohio No. 1:19-cv-1545, 2019 U.S. Dist. LEXIS 156056, at *2-3 (Sep. 12, 2019) (citing *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 U.S. Dist. LEXIS 69453, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) ("Submission of [a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.").

Accordingly, this case is dismissed without prejudice for want of prosecution for failing to comply with the Court's Deficiency Order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *April 21, 2021*


The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 21, 2021